FARMERS LUMBER COMPANY OF CORWITH, Appellant, v. JOHN W. SHEAHAN et al., Appellees.

S. L. THOMPSON, Appellee, v. FARMERS LUMBER COMPANY OF CORWITH, Appellant, et al., Appellees.

**APPEAL AND ERROR:** Notice—Coparties—Arbitrary Right to Notice.
A coparty *must* be served with notice of an appeal when, if the appeal is sustained, he would be *inconvenienced and detrimentally disturbed* in the occupancy of his property.

Headnote 1: 3 C. J. p. 1220.

*Appeal from Hancock District Court.*—C. H. KELLEY, Judge.

DECEMBER 11, 1924.

REHEARING DENIED APRIL 8, 1925.

APPELLANT brought its action to foreclose a mechanics' lien. Appellee Thompson brought an action to foreclose his mortgage, executed and duly recorded before appellant furnished the material for the building on the land. The cases were consolidated. There was a decree as to all other defendants, of which no complaint is made. Foreclosures were decreed, and the trial court found that the lien of the Thompson mortgage was prior and superior to that of the appellant, and that appellant did not have the right, and was not entitled, to remove the building. The lumber company appeals.—*Dismissed.*

*Senneff, Bliss, Witwer & Senneff*, for appellant.

*John Hammill* and *E. A. & W. H. Morling*, for appellees.

PER CURIAM.—The owner, defendant John W. Sheahan, and his wife, appeared and filed separate answers. There was no notice of this appeal served upon them. Appellee Thompson has filed a motion, in his argument, to dismiss the appeal for that reason. There is no argument by either side on the motion.

The statute provides that a part of several coparties may

appeal. We have held that it is essential to an appeal that notice be served on coparties, where the decision would necessarily affect the interest of a coparty, and that, if it is not done, the appeal will be dismissed.

We do not understand that a sale has been made under the decrees of foreclosure. Sheahan, the owner of the property, with his family, was in possession of the farm and the buildings thereon, and has the right of redemption after sale. Appellee Thompson had a mortgage on the land of about $35,000 and interest, which was executed and duly recorded before appellant furnished the material to build a new $10,000 house on the land, upon which appellant claims a lien for the balance due it, of approximately $5,000. Before the construction of the new house, there was an old dwelling on the land, which was moved to one side, and, since the construction of the new building, has been used as a chicken house and for storage. Appellant claims a lien on the new building prior to the mortgage lien, and claims the right to remove the same from the land. The trial court, in its discretion, under Section 3095, Code of 1897, found that the building could not be removed without injury to the mortgage holder and the property; that, under the evidence, it would be a physical impossibility to remove the new house and put the old house in substantially as good condition as it was when taken off; that the new house could not be removed without taking out trees which add substantially to the market value of the farm. The evidence shows that the old house is in a dilapidated condition, the windows are out, the building bulges and leans, and the plastering is in bad condition. After the evidence was all in, appellant filed an amendment, stating that, if the court finds that plaintiff's lien on the dwelling house is prior to the mortgage, and that appellant is entitled to the rights of sale and removal of the dwelling house from the premises, appellant offers to restore *to the said mortgagee* the old dwelling house, removed from the site where the new dwelling was erected, to its prior site, and to restore the old building to the same or substantially the same condition as the same was in, prior to the removal of the old building, so that the same will be in the same condition as when defendant furnished the materials. The offer appears to have been made only for the benefit of the mort-

gagee, and not for the owner. Appellant does not offer to restore it to the owner without inconvenience to him, or in time for occupancy by the owner and family during the redemption period. If the case should be reversed, and appellant permitted to remove the new building and restore the old to the same site, it would necessarily affect adversely the interest of Sheahan. He would necessarily be compelled to live in the chicken house or some other place, at least for a time, while the old house was being rehabilitated.

We are of opinion that notice should have been served on the owner. Having failed to do so, appellant is not in a position to have his case reviewed. The appeal is—*Dismissed.*